Case No. SA CV 18-1872-DOC (KESx)            Date: January 7, 2019

Title: COMPREHENSIVE COORDINATED INSURANCE COMPANY LTD. V. CRESTWOOD PACIFIC LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]**

Before the Court is Plaintiff and judgment creditor Comprehensive Coordinated Insurance Company, Ltd.'s ("Plaintiff" or "CCICL") Motion to Remand ("Motion") (Dkt. 9). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion to Remand.

### I.  Background

### A.  Facts

The Court adopts the facts as set out in Plaintiff's First Amended Complaint ("FAC"). Declaration of Max Rothman ("Rothman Decl.") (Dkt. 10), Ex. 2. On December 9, 2016, Plaintiff attempted to transfer by wire certain funds to Perkins Coie LLP for services rendered. FAC ¶ 4. However, by means of hacking, someone fraudulently intercepted and altered the invoices to direct the wire transfer to Defendant Crestwood Pacific, LLC's ("Defendant" or "Crestwood") account at Wells Fargo Bank,

N.A. ("Wells Fargo"). *Id*. ¶ 7. CCICL's bank erroneously wired $206,959.93 to Wells Fargo, which transferred the money to Defendant. *Id*. ¶ 8. A Wells Fargo representative has stated that Defendant has refused to return the funds. *Id*. ¶ 10.

### B.    Procedural History

On August 29, 2017, Plaintiff filed the initial complaint in the California Superior Court, County of Orange. Notice of Removal (Dkt. 2), Ex. NN. Plaintiff filed an amended complaint on December 28, 2017. *See* FAC. On December 29, 2017, Plaintiff served Gary Damiani on behalf of Defendant. Rothman Decl., Ex. 3. Plaintiff thereafter obtained a default judgment against Defendant for $1,208,501 on February 23, 2018, which it served on Defendant on March 27, 2018. *Id*., Ex. 4.

The Superior Court issued an order on September 6, 2018, compelling Shelly Singhal to sit for a judgment debtor examination on behalf of Defendant on October 18, 2018. *Id*., Ex. 5. Plaintiff personally served the Superior Court's September 6 order on Singhal outside his residence in Alhambra, California, on September 20, 2018. *Id*. Defendant's counsel, Joe Correa, appeared at the debtor examination in the Superior Court on October 18, 2018, but Singhal did not appear. *Id*., Ex. 6. Correa stated that there was a pending removal to federal court. *Id*. On the same day, Defendant filed the Notice of Removal. *See* Dkt. 1.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be

removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a).

## III. Discussion

Plaintiff argues that the case should be remanded because (1) the forum defendant rule bars removal of this case; and (2) removal was untimely and otherwise procedurally improper. *See generally* Mot. Plaintiff argues that Defendant is a citizen of California for diversity purposes because Defendant is a Delaware limited liability company and a limited liability company is a citizen of every state in which its owners or members are citizens. Mot. at 7 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). According to Plaintiff, Singhal is a member of Defendant Crestwood Pacific LLC and has signed papers on behalf of the Defendant in that capacity. Rothman Decl., Ex. 5. Singhal is a citizen of California and was recently served with a subpoena outside his residence in Alhambra, California. *Id*.

Defendant argues that removal was proper because Crestwood is not a citizen of California and thus not subject to the forum defendant rule. Opp'n to Mot. to Remand (Dkt. 15) at 6. According to Defendant, there is a circuit split regarding whether a defendant corporation that is "inactive" can be only be considered a citizen of its state of incorporation. *Id*. The only case cited in support of Defendant's contention that Defendant is not a citizen of California is *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 697 (3d Cir. 1995).

The Court need not reach the arguments regarding the forum defendant rule as applied to an inactive limited liability company.[1] Defendant was required to file its notice of removal within 30 days of receiving the complaint "through service or otherwise." 28 U.S.C. § 1446(b)(1). Defendant did not attempt to remove the case for 13 months after service. Rothman Decl., Ex. 1. Plaintiff has filed two exhibits demonstrating proof of service. *Id.*, Exs. 1, 3. Defendant argues that it has no authorized registered agent for service of process and first received a copy of the Complaint on September 6, 2018. Opp'n ¶ 12. Even taking Defendant's argument as true (despite the lack of evidentiary support) the decision to remove the case immediately before a judgment debtor examination was improper and beyond the 30-day requirement. Rothman Decl., Ex. 6.

---

[1] The Court notes that on the facts presented in this case, the Ninth Circuit decision in *Johnson*, 437 F.3d at 899 controls. Defendant has provided no evidence contradicting the citizenship of Singhal or his connection with the LLC. Thus under the forum defendant rule the case was not properly removed.

The Court declines to elaborate on this issue as the validity of service may be of import in the state court proceedings, which is the proper forum for this dispute.

## IV. Costs and Fees

Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court awards $5,000.00 in attorney's fees because Defendant's removal was objectively unreasonable in part given the timing of the removal immediately before a judgment debtor examination and the improper procedures employed, including Defendant's failure to attach critical documents such as the judgment of the Superior Court entered against Defendant on February 23, 2018.

## V. Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of the State of California, County of Orange. The Court AWARDS Plaintiff $5,000.00 in attorney's fees.

The Clerk shall serve this minute order on the parties.